On the 25'th of June, Judge Underwood delivered the opinion of the court, overruling the petition for a re-hearing.
We have considered the petition for a re-hearing in this case5 and our conclusion is, that it be overruled. The proceedings had against Michael Thomas, and which being matters of record, were admitted to go as evidence to the jury, were not conclusive against the defendants, the administratrix, and the heir of Samuel Thomas. But they were certainly proper to shew¡¡ that Michael Thomas, had been compelled to pay the debt, or part thereof. The admission of these records, did not deprive the defendants of any part of their defence. The record of the suit instituted by Francis Wells, administrator of the obligee, Rachel Thomas, against the representative and heir of Samuel Thomas, was properly rejected ; because, from the nature of the issues, upon, which the trial was had, it did not appear who paid the debt. The defendants in this suit, might, for aught that appears in that record, have succeeded upon proof, that Michael Thomas paid it. Besides, as he was no party to this record, he could not be concluded by it.
The statements made by Rachael ThOnrias, were properly excluded; because, in respect to Michaelj they were merely heresay. We cannot admit the doctrine contended for, that when one of two or moré joint obligors, or joint and several Obligors, has been compelled to pay the debt, and sties for a contribution, that he is to be regarded as assignee of the obli-gee. The liability of his co-obligors, depends upon the principle of expending money for their use, which ex equo el bono, they should refund, and he is not the representative of the obligee. If the co-obligors have paid their representative portions of the debt, and can shew it by competent evidence, they have a right to do so, when sued by any One of the obligors, for contribution; but we think it Will subserve the purposes of justice, much better, and be more consistent with legal principles, to require them to preserve the evidences of their payments, so as to establish the fact, by clear proof, than to put it in their power, by proving a confession of an individual, over whom, the plaintiff has no controul, to defeat, what otherwise *65 Would be an indubitable claim. Confessions when proved against the party making them, is the weak-estof all evidence, dimmed admissible in law. Ought not to be received at all, except against the party making them, or those claiming under him, and then statements made by a person, after parting with his title, are not to be admitted.
The case in II. Bibb, 230, only proves, that if Michael Thomas, had been sued jointly, with his co-obligor, Samuel Thomas, it might have been better for Michael.